Filed 11/19/24  P. v. Savalin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>   v.<br><br>RICK DAWSON SAVALIN,<br><br>       Defendant and Appellant. | C100139<br><br>(Super. Ct. No. F19-000440B) |

     Appointed counsel for defendant Rick Dawson Savalin asked this court to review the record and determine whether there any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

## I

In December 2019, the victim attempted to break up a fight between defendant and codefendant Gregory Callison.  Defendant and Callison knocked the victim to the ground and defendant repeatedly kicked the victim in the head.  Among other injuries, the victim suffered a ruptured globe of the right eye.

Defendant pleaded no contest to assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4) -- count II) and admitted an enhancement allegation that he personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)).  The parties stipulated to a five-year suspended term, 364 days in county jail, and two years of formal probation.

The trial court sentenced defendant consistent with the agreement, imposed various fines and assessments, and reserved jurisdiction regarding restitution.  After receiving briefing from the parties and conducting a restitution hearing, the trial court ordered defendant and Callison to pay, jointly and severally, victim restitution totaling $252,165.56.  The restitution amount was subject to 10 percent interest from the date of sentencing.  (Pen. Code, § 1202.4, subd. (f)(3)(G).)

Defendant appealed from the sentence or other matters occurring after the plea that do not affect the validity of the plea.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/s/_____
MAURO, J.

We concur:

/s/_____
HULL, Acting P. J.

/s/_____
BOULWARE EURIE, J.